Armando COLON, Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner of New York State Department of Correctional Services, in his official capacity, Donald Selsky, individually and in his official capacity as Director of Special Housing and Inmate Discipline of the New York State Department of Correctional Services, James Stinson, Superintendent of Great Meadow Correctional Facility, individually and in his official capacity, Kenneth Collyer, Hearing Officer and Counselor at Great Meadow Correctional Facility, individually and in his official capacity, Richard Doling, Hearing Officer at Great Meadow Correctional Facility, individually and in his official capacity, Jane Parham, Counselor and employee assistant at Great Meadow Correctional Facility, individually and in her official capacity, Carol Chapman, Counselor and employee assistant at Great Meadow Correctional Facility, individually and in her official capacity, and C.O. Brewer, Special Housing Unit Officer at Great Meadow Correctional Facility, individually and in his official capacity Defendants–Appellees.

No. 01–0258.

United States Court of Appeals, Second Circuit.

Oct. 20, 2004.

Jonathan L. Hafetz, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C. (Lawrence S. Lustberg on the brief), New York, NY, for Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General (Eliot Spitzer, Attorney General for the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), Albany, NY, for Defendants–Appellees.

PRESENT: McLAUGHLIN, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Armando Colon appeals from the district court's order of September 25, 2001, granting summary judgment to defendants-appellees Kenneth Collyer and Jane Parham. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment *de novo*. Summary judgment was properly granted only if, viewing the evidence in the light most favorable to the non-moving party, no genuine dispute of material fact exists to be resolved by trial. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This Court may affirm on any basis for which the record is sufficient to permit conclusions of law, including grounds not relied on by the District Court. *See, e.g., EEOC v. J.B. Hunt Transp., Inc.*, 321 F.3d 69, 73–74 (2d Cir.2003).

The district court granted defendants' summary judgment motion on the ground that Colon failed to allege sufficient facts in dispute material to whether he suffered hardship "atypical and significant ... in relation to the ordinary incidents of prison life," which would infringe a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and entitle him to procedural due process. In light of this Court's precedents, *see, e.g., Palmer v. Richards*, 364 F.3d 60 (2d Cir.2004), it was erroneous to grant summary judgment to defendants on this basis.

■ Defendants have not waived their statute of limitations defense by failing to raise it in their motion under Rules 12(c) and 56. Statute of limitations is an affirmative defense that is preserved by assertion in a party's first responsive pleading. *See Kulzer v. Pittsburgh–Corning Corp.*, 942 F.2d 122, 125 (2d Cir.1991) (holding "bare assertion" of statute of limitations in answer preserved it to be raised again mid-trial, despite failure to raise it in pre-trial dispositive motions); *see also Nicholas v. Miller*, 189 F.3d 191, 195 (2d Cir. 1999) (holding assertion of qualified immunity in answer, not asserted in successful summary judgment motion, preserved it to be raised as ground for affirmance on appeal).

■ Colon argues that his solitary confinement during most of the statutory period and the malfunction of his facility's photocopier for thirty days towards the end of the statutory period entitle him to equitable tolling of the statute of limitations. While this Court has never held solitary confinement alone sufficient to entitle a prisoner to equitable tolling, prison conditions that *prevent* a prisoner from timely filing may require equitable tolling. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir.2001).

Colon should therefore be allowed to develop evidence and argument regarding his entitlement to equitable tolling in the district court. For the foregoing reasons, we ORDER that the district court's order be VACATED and the case REMANDED for a hearing to determine whether Colon filed timely, taking into consideration any toll to which he proves entitlement.